ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CARLIZ DE LA CRUZ HERNÁNDEZ<br><br>Recurrida<br><br>v.<br><br>RIMAS ENTERTAINMENT, LLC. Y OTROS<br><br>Peticionarios | KLCE202400758 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2023CV01925<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de agosto de 2024.

Comparecen Noah Kamil Assad Byrne ("señor Assad Byrne" o "Peticionario") mediante *Petición de Certiorari* y solicita la revisión de la *Resolución* emitida el 2 de julio de 2024 por el Tribunal de Primera Instancia ("TPI"). Mediante el referido dictamen, el TPI, declaró *No Ha Lugar* la solicitud de desestimación instada por el señor Assad Byrne al amparo de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, por entender que el Peticionario estaba impedido de presentar una segunda solicitud de desestimación, en virtud de la Reglas 10.7, 32 LPRA Ap. V, R. 10.7, y 10.8, 32 LPRA Ap. V., R. 10.8, de Procedimiento Civil.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* solicitado y se *Revoca* el dictamen recurrido.

**I.**

El 1 de marzo de 2023, Carliz De La Cruz Hernández ("señora De La Cruz Hernández" o "Recurrida") presentó ante el TPI una *Demanda* sobre daños y perjuicios, derechos de imagen y derechos morales de autor en contra de Rimas Entertainment, LLC, Rimas Classics, LLC (en conjunto, "Rimas"), Benito A. Martínez Ocasio, mejor conocido por su nombre artístico, *"Bad Bunny"* ("señor Martínez Ocasio"), Noah Assad, LLC

Número Identificador
SEN2024_____

("Corporación") y el señor Assad Byrne. En síntesis, la Recurrida alegó que creó y grabó con su voz la frase "*Bad Bunny Baby*", la cual fue utilizada en "intros" de las canciones del señor Martínez Ocasio, sin su consentimiento o autorización escrita.

El 5 de abril de 2023, Rimas presentó una *Notificación de Aviso de Traslado al Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico*. Así las cosas, el 10 de abril de 2023, el TPI emitió una *Sentencia* mediante la cual ordenó la paralización y archivo de los procedimientos y se reservó jurisdicción para decretar su reapertura.

Devuelto el caso al TPI por el foro federal, el 1 de abril de 2024, la señora De La Cruz Hernández presentó una *Moción Solicitando Reapertura del Caso*. El foro primario decretó la reapertura del caso de epígrafe mediante *Orden* expedida el 10 de abril de 2024.

Tras varias instancias procesales, las cuales no son necesarias pormenorizar, el 8 de mayo de 2024, el señor Assad Byrne y la Corporación, de manera conjunta, presentaron una *Solicitud de Desestimación por Insuficiencia en el Emplazamiento y Falta de Jurisdicción sobre la Persona*. Arguyeron que, no fueron emplazados conforme a derecho, toda vez que los emplazamientos fueron entregados a Juan J. Cirino, quien no era un representante autorizado de la Corporación o una persona autorizada para recibir los emplazamientos del señor Assad Byrne.

El 28 de mayo de 2024, la señora De La Cruz Hernández presentó su *Moción en Oposición a Moción Solicitando Desestimación por alegada Falta de Jurisdicción sobre la Persona*. Atendidos los planteamientos de las partes, el 30 de mayo de 2024, el foro primario emitió una *Resolución* mediante la cual denegó la solicitud de desestimación instada por el señor Assad Byrne y la Corporación.

Posteriormente, el 27 de junio de 2024, el señor Assad Byrne, renunció al emplazamiento y se sometió voluntariamente a la jurisdicción del foro primario mediante la presentación de una *Solicitud de Desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil*. El

Peticionario adujo que, las alegaciones en su contra incumplían con el estándar de plausibilidad adoptado por nuestro más Alto Foro en *Luis P. Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, 2024 TSPR 13 (2024), resuelto el 16 de febrero de 2024. De igual manera, arguyó que no se cumplían los elementos necesarios para que prosperara la causa de acción instada en su contra.

El 2 de julio de 2024, la señora De La Cruz Hernández presentó una *Moción bajo la Regla 10.7 y 10.8 de Procedimiento Civil para que se declare improcedente la Moción de Desestimación presentada por Noah Assad Byrne*. En resumidas cuentas, la Recurrida arguyó que la segunda solicitud de desestimación presentada por el señor Assad Byrne resultaba improcedente al amparo de la Regla 10.7, 32 LPRA Ap. V, R. 10.7, y 10.8, 32 LPRA Ap. V., R. 10.8, de Procedimiento Civil. Sostuvo que, todas las defensas que la Regla 10 permite presentar deben ser acumuladas en una misma solicitud o se entenderán renunciadas.

Ese mismo día, el foro primario dictaminó una *Resolución* mediante la cual denegó la solicitud de desestimación instada por el señor Assad Byrne. El TPI concluyó que, el Peticionario estaba impedido de presentar una segunda moción de desestimación al amparo de las Reglas 10.7 y 10.8 de Procedimiento Civil, *supra*.

El 3 de julio de 2024, el señor Assad Byrne presentó una *Urgente Solicitud de Reconsideración*. En esa misma fecha, la señora De La Cruz Hernández presentó su *Oposición a Urgente Solicitud de Reconsideración*. Atendidos los planteamientos de las partes, el 8 de julio de 2024, el TPI denegó mediante *Resolución* la solicitud de reconsideración presentada por el Peticionario.

Insatisfecho aún, el 9 de julio de 2024, el señor Assad Byrne acudió ante esta Curia mediante *Petición de Certiorari*. El Peticionario le imputó al TPI la comisión de los siguientes errores:

> **Erró y abusó de su discreción el Tribunal de Primera Instancia al resolver que el codemandado Noah Assad Byrne está impedido de presentar una segunda moción de desestimación al amparo de las Reglas 10.7 y 10.8 de**

**Procedimiento Civil, a pesar de que el Tribunal Supremo en <u>Conde Cruz v. Resto Rodríguez</u>, 205 DPR 1043 (2020) resolvió que una solicitud de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil bajo el fundamento de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio es una defensa privilegiada que no se renuncia si no se acumula en una primera solicitud de desestimación, siendo esto una violación al debido proceso de ley.**

**Erró y abusó de su discreción el Tribunal de Primera Instancia al ordenarle al codemandado Noah Assad Byrne a contestar una demanda[,] a pesar de que presentó una solicitud de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil habiendo el Tribunal adquirido jurisdicción sobre su persona bajo del [sic] fundamento de que esa moción de desestimación es improcedente al amparo de las Reglas 10.7 y 10.8 de Procedimiento Civil.**

El 19 de julio de 2024, la señora De La Cruz Hernández presentó su alegato en oposición. Perfeccionado el recurso y con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra; Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

[e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de

razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello,* 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**-B-**

La Regla 10.2 de Procedimiento Civil, *supra,* permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
(5) **dejar de exponer una reclamación que justifique la concesión de un remedio**;
(6) dejar de acumular una parte indispensable. *Íd.*

(Énfasis suplido)

Con el fin de evitar que los procesos judiciales se dilaten innecesariamente, la Regla 10.7 de Procedimiento Civil, *supra,* obliga a la parte que presente una moción al amparo del discutido estatuto a acumular todas las mociones y defensas a las que entienda que tenga derecho, con excepción de las defensas provistas en las Reglas 10.2 (1) y 10.8 (b). En ese sentido, "[l]as reglas no pueden permitir que todas estas mociones se presenten separadamente porque se dilataría el proceso innecesariamente. Todas se deben formular conjuntamente y resolverse de una vez por el tribunal". R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil,* 6ta ed., LexisNexis de Puerto Rico, 2017, Cap. 26, Sec. 2607, págs. 310-311.

Específicamente, la precitada Regla 10.7 de Procedimiento Civil, *supra*, lee como sigue:

La parte que presente una moción de acuerdo con esta Regla 10, puede unirla con las demás mociones que en la misma se disponen y a las cuales tenga entonces derecho. La parte que presente una moción de acuerdo con esta Regla 10 y no incluya en ella cualquiera de las defensas y objeciones a que tenga derecho y que esta Regla 10 le permita presentar mediante moción, no podrá presentar luego una moción fundada en las defensas u objeciones así omitidas, **excepto las provistas en las Reglas 10.2(1) y 10.8(b)**.

(Énfasis suplido)

Por otra parte, la Regla 10.8 (b) de Procedimiento Civil, *supra*, dispone lo siguiente:

(b) **La defensa de haber dejado de exponer una reclamación que justifique la concesión de un remedio**, la defensa de haber omitido acumular una parte indispensable como se dispone en la Regla 16 y la objeción de haber omitido exponer una defensa legal a una reclamación, pueden hacerse mediante cualquier alegación permitida u ordenada según lo dispuesto en la Regla 5.1, mediante una moción para que se dicte sentencia por las alegaciones o en el juicio.

(Énfasis suplido)

Al respecto, el Tribunal Supremo expresó en *Conde Cruz v. Resto Rodríguez et. al*, *supra*, a las págs. 1066-1067, lo siguiente:

Conforme las Reglas 10.7 y 10.8(b) de Procedimiento Civil antes citadas, **la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio no está sujeta a la regla general sobre acumulación y renuncia de defensas** que la Regla 10.7, supra, instituye. En contraste, esta defensa -de ordinario- no se entiende renunciada aun si no se acumula en una moción al amparo de la Regla 10 de Procedimiento Civil, supra, y puede aducirse en cualquier alegación responsiva, en una moción para que se dicte sentencia por las alegaciones e incluso luego de comenzado el juicio. Regla 10.8(b) de Procedimiento Civil, supra.

(Énfasis suplido)

Finalmente, para que prevalezca una solicitud de desestimación al amparo de la Regla 10.2, *supra*, el tribunal debe convencerse con certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Rivera Sanfeliz et al. V. Jta. Dir. Firstbank,* 193 DPR 38, 49 (2015).

**III.**

El Peticionario aduce que incidió el foro primario al resolver que, en virtud de la Reglas 10.7 y 10.8 de Procedimiento Civil, *supra,* estaba impedido de presentar una segunda solicitud de desestimación, previo a presentar su alegación responsiva. Le asiste la razón. Veamos.

Los errores señalados por el señor Assad Byrne serán discutidos de manera conjunta, por entender que están intrínsecamente relacionados. En el caso de marras, la solicitud de desestimación presentada por el señor Assad Byrne fue instada al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra.* Sin embargo, el foro primario resolvió que, en virtud de las Reglas 10.7 y 10.8 de Procedimiento Civil, *supra,* el señor Assad Byrne no podía presentar una segunda moción de desestimación.

Como regla general, conforme dispone la Regla 10.7 de Procedimiento Civil, *supra,* la parte que presente una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* tiene que acumular en esa moción todas las defensas que la precitada regla le permite presentar mediante moción o, de contrario, se entenderán renunciadas. A manera de excepción, la referida regla establece que no se considerarán renunciadas aquellas defensas contempladas por la Regla 10.8 (b) de Procedimiento Civil, *supra,* tal como la defensa privilegiada de dejar de exponer una reclamación que justifique la concesión de un remedio. La Regla 10.7 de Procedimiento Civil, *supra,* expresamente exceptúa de su aplicación las solicitudes de desestimación instadas al amparo de la Regla 10.2 (5), *supra.* De igual manera, nuestro más Alto Foro expresó en *Conde Cruz v. Resto Rodríguez et al., supra,* que la "la Regla 10.7 exceptúa de este requisito de acumulación de defensas a las mociones de desestimación al amparo de la Regla 10.2 cuyo fundamento sea que la demanda deja de exponer la reclamación que justifique la concesión de un remedio".

En otras palabras, la presentación de una primera moción de desestimación, por insuficiencia en el diligenciamiento del emplazamiento, no impide que una segunda solicitud sea instada al amparo de la Regla 10.2

(5) de Procedimiento Civil, *supra*. Por todo lo cual, resulta forzoso concluir que incidió el foro primario al resolver que el señor Assad Byrne estaba impedido de presentar una segunda solicitud de desestimación. El TPI venía obligado a resolver en sus méritos la moción de desestimación instada por el Peticionario.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* solicitado y se *Revoca* la *Resolución* el dictamen recurrido. Se devuelve el caso para la continuación de los procedimientos, según lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones